UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1)    CHENGUANG GONG and<br>(2)    YALAN TANG,<br><br>Defendants | Criminal No. 20-10266-MLW<br><br>Violations:<br><br>Count One: Conspiracy<br>(18 U.S.C. § 371)<br><br>Counts Two – Twenty-One: Introduction of Misbranded Drugs with Intent to Defraud and Mislead; Aiding and Abetting<br>(21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)(B)) |

SUPERSEDING INDICTMENT

At all times relevant to this Superseding Indictment:

General Allegations

1.    Defendant Yalan TANG resided in Massachusetts.

2.    Defendant Chenguang GONG resided in Massachusetts.

3.    Ycells LLC ("Ycells") was a limited liability company organized under the laws of Massachusetts.

4.    TANG and GONG operated and managed Ycells. According to its Certificate of Organization, Ycells was "a biotechnology company [providing] peptide and protein synthesize, and purification, cell line development service." Subsequent filings with the Massachusetts Secretary of State identified the character of the business as "Bioinformatics Consulting" and

1

"Wholesale." Through Ycells, TANG and GONG distributed drugs, including peptides and chemicals, to customers.

5.  Among the products offered for sale by Ycells were:

a.  Clenbuterol, which is approved in foreign countries for treatment of asthma and is commonly (and illicitly) used by bodybuilders, but has not been approved by the United States Food and Drug Administration ("FDA") for human use.

b.  Anastrozole, Raloxifene, Tamoxifen, and Letrozole, which are active ingredients in FDA-approved prescription drugs for the treatment of conditions including breast cancer. These drugs decrease the amount of estrogen in the body and/or block the effect of estrogen, and are commonly (and illicitly) used by bodybuilders.

c.  Tadalafil and Sildenafil, which are the active ingredients in FDA-approved prescription drugs (commonly known by the brand names Cialis and Viagra) for the treatment of erectile dysfunction. Tadalafil and Sildenafil are commonly used by body builders to counteract the effects of steroid use.

d.  MK-2866 (Ostarine), YK-11, MK-677, and LGD-4033, which are Selective Androgen Receptor Modulators ("SARMS"). SARMS are used by bodybuilders as alternatives to steroids. None of the above-mentioned SARMS has been approved by the FDA for human use.

2

6.      Products distributed by Ycells were labeled "For Research Purposes Only" and "Not for Human Consumption." Ycells also required its customers to sign purchase agreements verifying that the products sold by Ycells would be used for research purposes only.

7.      Despite these disclaimers, TANG and GONG knew and intended that the products sold by Ycells would be used by humans as drugs intended to affect the structure or function of the human body.

The Federal Food, Drug, and Cosmetic Act

8.      The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, regulated, among other things, the importation, manufacture, labeling, and distribution of drugs. The FDCA gave the FDA the authority to further regulate the importation, manufacture, labeling, and distribution of drugs to protect the health and safety of the American public.

9.      Under the FDCA, the term "drug" was defined in relevant part as: (1) any article intended for use in the cure, mitigation, treatment, or prevention of disease in humans; or (2) any article other than food intended to affect the structure or any function of the human body. 21 U.S.C. § 321(g)(1)(B) and (C).

10.      The FDCA prohibited the introduction or delivery for introduction, or causing the introduction or delivery for introduction, into interstate commerce of any drug that was misbranded. 21 U.S.C. § 331(a).

11.      A drug was misbranded if its labeling was false or misleading in any particular. 21 U.S.C. § 352(a).

3

Object of the Conspiracy

12.    It was the object of the conspiracy to obtain money by unlawfully importing various drugs into the United States, and then distributing the drugs to customers throughout the United States for human use.

Manner and Means of the Conspiracy

13.    Among the manner and means by which TANG, GONG, and coconspirators, known and unknown to the Grand Jury, carried out the conspiracy were the following:

a.  Purchasing drugs from suppliers in China and importing these drugs into the United States;

b.  Causing the mislabeling of these drugs before and during importation into the United States to avoid detection by the United States Customs and Border Protection ("CBP");

c.  Using multiple United States addresses and Post Office Boxes to receive drugs from China in order to avoid detection by CBP; and

d.  Selling drugs with knowingly false labeling that stated that the products were sold "For Research Purposes Only" and "Not for Human Consumption."

Acts in Furtherance of the Conspiracy

14.    Set forth below are examples of acts that GONG, TANG, and coconspirators took and caused to be taken in furtherance of the conspiracy:

a.  On or about February 25, 2017, GONG and TANG caused an email to be sent to a Chinese supplier of SARMS and other drugs listing false names and the addresses of UPS post office boxes rented by TANG.  Subsequently, packages containing drugs were labeled with these false names and shipped to these UPS post office boxes.

4

b.  On or about August 30, 2018, GONG and TANG caused an email to be sent to John Doe #1, attaching a price list for products sold by Ycells, including drugs such as Anastrozole, Clenbuterol, MK-677, Sildenafil and Tamoxifen, all of which are drugs commonly used for body building or to counteract the effects of steroid use.

c.  On or about August 30, 2018, GONG and TANG caused an email to be sent to John Doe #1, attaching a purchase agreement form asking for verification that products sold by Ycells would be used for research purposes only.

d.  On or about September 14, 2018, GONG and TANG caused a package to be shipped containing Raloxifene, Tamoxifen, Sildenafil, Tadalafil, Clenbuterol, and MK-2866/Ostarine from Massachusetts to a Post Office box in Virginia rented in the name of John Doe #1. The packaging included the false representations that the products were intended "For Research Use Only" and "Not for Human Consumption."

e.  On or about October 26, 2018, GONG and TANG caused a packaged to be shipped containing Anastrozole, Tamoxifen, Letrozole, Clenbuterol, YK-11, MK-2866/Ostarine, MK-677, and LGD 4033 from Massachusetts to a Post Office box in Virginia rented in the name of John Doe #1. The packaging included the false representations that the products were intended "For Research Use Only" and "Not for Human Consumption."

f.  On or about October 16, 2019, GONG and TANG caused a package to be shipped containing Clenbuterol, Tamoxifen, MK-2866/Ostarine, Anastrozole, Tadalafil and Sildenafil from Massachusetts to a Post Office box in Virginia rented in the name of John Doe #1. The packaging included the false representations that the products were intended "For Research Use Only" and "Not for Human Consumption."

<u>COUNT ONE</u>
Conspiracy
(18 U.S.C. § 371)

The Grand Jury charges:

15.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-14 of this Indictment.

16.     From in or about at least February 2017, through on or about October 8, 2020, in the District of Massachusetts, and elsewhere, the defendants,

(1) CHENGUANG GONG and
(2) YALAN TANG,

knowingly and willfully conspired with others known and unknown to the Grand Jury to: (1) introduce misbranded drugs into interstate commerce with intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2); and (2) enter or introduce into the commerce of the United States any imported merchandise by means of any false statement, written or verbal, and by means of any false or fraudulent practice or appliance, and make any false statement in any declaration without reasonable cause to believe the truth of such statement, and procure the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, in violation of Title 18, United States Code, Section 542.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO – TWENTY-ONE

Introduction of Misbranded Drugs with the Intent to Defraud and Mislead; Aiding and Abetting
(21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2)

The Grand Jury further charges:

17.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-14 of this Indictment.

18.    On or about the dates listed below, in the District of Massachusetts, and elsewhere, the defendants,

(1) CHENGUANG GONG and
(2) YALAN TANG,

with the intent to defraud and mislead, caused the introduction and delivery for introduction into interstate commerce of the drugs listed below, which, when introduced and delivered for introduction into interstate commerce, were misbranded within the meaning of: Title 21, United States Code, Section 352(a), in that their labeling was false and misleading, each such instance being a separate Count:

| COUNT | APPROXIMATE DATE SHIPPED | DRUG(s) SHIPPED | SHIPPED TO: |
|---|---|---|---|
| Two | September 14, 2018 | Raloxifene | Winchester, VA |
| Three | September 14, 2018 | Tamoxifen | Winchester, VA |
| Four | September 14, 2018 | Sildenafil | Winchester, VA |
| Five | September 14, 2018 | Tadalafil | Winchester, VA |
| Six | September 14, 2018 | Clenbuterol | Winchester, VA |
| Seven | September 14, 2018 | MK-2866/Ostarine | Winchester, VA |
| Eight | October 26, 2018 | Anastrozole | Winchester, VA |
| Nine | October 26, 2018 | Tamoxifen | Winchester, VA |
| Ten | October 26, 2018 | Letrozole | Winchester, VA |
| Eleven | October 26, 2018 | Clenbuterol | Winchester, VA |
| Twelve | October 26, 2018 | YK-11 | Winchester, VA |
| Thirteen | October 26, 2018 | MK-2866/Ostarine | Winchester, VA |
| Fourteen | October 26, 2018 | MK677 | Winchester, VA |
| Fifteen | October 26, 2018 | LGD 4033 | Winchester, VA |
| Sixteen | October 16, 2019 | Clenbuterol | Winchester, VA |
| Seventeen | October 16, 2019 | Tamoxifen | Winchester, VA |
| Eighteen | October 16, 2019 | MK-2866/Ostarine | Winchester, VA |
| Nineteen | October 16, 2019 | Anastrozole | Winchester, VA |
| Twenty | October 16, 2019 | Tadalafil | Winchester, VA |
| Twenty-One | October 16, 2019 | Sildenafil | Winchester, VA |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

8

FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(B))

The Grand Jury further finds:

19.     Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count One, the defendants,

(1) CHENGUANG GONG and
(2) YALAN TANG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, the following:

a.   $154,037 in United States currency, seized on or about November 10, 2020, from TD Bank Account No. ****0866, held in the name of Ycells, LLC;

b.   $139,248.58 in United States currency, seized on or about November 10, 2020, from TD Ameritrade Brokerage Account No. ***-**5481, held in the name of Chenguang Gong, less $178;

c.   up to $36,000 in United States currency, held in E*Trade Account No. ****-3508, in the name of Yalan Tang, which was restrained on or about November 10, 2020;

d.   up to $80,000 in United States currency, held in JP Morgan Chase Brokerage Account No. ***-*8263, in the name of Yalan Tang, which was restrained on or about November 10, 2020; and

e.   all funds on deposit in Merrill Lynch Brokerage Account No. ***-*9W33, held in the name of Yalan Tang, which was restrained on or about November 10, 2020.

20.     If any of the property described in Paragraph 19, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(B), as a result of any act or omission of the defendants –

a.   cannot be located upon the exercise of due diligence;

9

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 19 above.

All pursuant to Title 18, United States Code, Section 982(a)(2)(B).

A TRUE BILL

_____
FOREPERSON

_____
CHRISTOPHER LOONEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 18, 2022
Returned into the District Court by the Grand Jurors and filed.

/s/ Dawn M. King 1/18/22 4:13pm
_____
DEPUTY CLERK

10